IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| V. | § | No. 3:08-cr-268-B(1) |
| | § | |
| ANGEL HERNANDEZ, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Angel Hernandez has filed a motion to withdraw his guilty plea in
which he appears to seek relief pursuant to 28 U.S.C. § 2255 for alleged ineffective
assistance of counsel. *See* Dkt. No. 435. The motion was referred to the undersigned
magistrate judge for hearing, if necessary, and recommendation or determination. *See*
Dkt. No. 436. For the reasons stated herein, Defendant's pleading should be construed
as a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255, opened as
a new civil case, and transferred to the United States Court of Appeals for the Fifth
Circuit for appropriate action.

**Background**

On September 3, 2009, Defendant pled guilty to conspiracy to possess with
intent to distribute and distribution of a controlled substance in violation of 21 U.S.C.
§ 846. He was sentenced to 262 months imprisonment and a five-year term of
supervised release. *See United States v. Hernandez*, No. 3:08-cr-268-B(1) (N.D. Tex.
Feb. 25, 2010). His appeal, which challenged only the order of forfeiture entered by the

Court, was denied. *See United States v. Hernandez*, 417 F. App'x 416 (5th Cir. 2011).

Defendant then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. That motion was recently denied. *See Hernandez v. United States*, No. 3:12-cv-1716-B-BH, Dkt. No. 26 (N.D. Tex. June 5, 2013), *rec. adopted,* Dkt. No. 35 (N.D. Tex. Oct. 1, 2013).

While the Findings, Conclusions, and Recommendation of Magistrate Judge Irma C. Ramirez recommending denial of his Section 2255 motion was pending before the Court, Defendant filed this motion, arguing that his guilty plea was involuntary due to the ineffective assistance of his attorney and that he is actually innocent of the offense of conviction.

## Legal Standards

A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). A pleading is properly construed as a Section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *See id.* at 877-78 (considering motion brought under 28 U.S.C. § 2241); *see also Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005) (considering Fed. R. Civ. P. 60(b) motion seeking relief from denial of Section 2255 motion).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section

2255 motion, a movant must show that the motion is based on:

> (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before an individual files his motion in district court. *See id.* §§ 2244(b)(3), 2255(h).

## Analysis

It is clear from Defendant's motion that he seeks to have his sentence vacated based on his claims of ineffective assistance of counsel, an involuntary guilty plea, and actual innocence. *See* Dkt. No. 435 at 1-3. Indeed, it appears that this pleading was intended as a Section 2255 motion. *See id.* at 1 ("Come now Petitioner Angel Hernandez as to his motion under 28 U.S.C. § 2255...").

The Court of Appeals has not issued an order authorizing this Court to consider Defendant's successive Section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief may be filed.

Accordingly, Defendant's Section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002) (considering transfer of successive Section 2255 motion by a district court); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a

successive 28 U.S.C. § 2254 motion from a state prisoner).

## Recommendation

Defendant's motion to withdraw guilty plea [Dkt. No. 435] should be construed as an unauthorized successive Section 2255 motion.

The Court should direct the Clerk's Office to open a new civil action (nature of suit: 510), assign the case to Judge Jane J. Boyle and Magistrate Judge David L. Horan, and file the motion in that action.

The Clerk's Office should be directed to terminate the motion [Dkt. No. 435] in the criminal case, and the successive Section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79

F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 4, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE