IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| V. | § | No. 3:08-cr-268-B (01) |
| | § | |
| ANGEL HERNANDEZ, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Angel Hernandez appealed the Court's October 26, 2016 order denying, for lack of jurisdiction, his *pro se* motion to reduce sentence under 18 U.S.C. § 3582. *See* Dkt. Nos. 485, 486, & 487.

Hernandez's *pro se* notice of appeal was filed on November 22, 2016, *see* Dkt. No. 487, after the last day to file a timely notice of appeal, which was November 9, 2016, *see* FED. R. APP. P. 4(b)(1)(A)(i); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam) ("a § 3582(c)(2) motion is not a civil postconviction action but a 'step in a criminal case,' the denial of which must be appealed within [14] days from the entry of judgment").

The United States Court of Appeals for the Fifth Circuit remanded this action to this Court to determine "whether the untimely filing of the notice of appeal was due to excusable neglect or good cause." Dkt. No. 515; *see* FED. R. APP. P. 4(b)(4); *United States v. Morgan*, Crim. A. No. 08-78, 2013 WL 870356, at *1 (E.D. La. Mar. 7, 2013)

-1-

("In criminal cases, the Fifth Circuit treats the filing of an untimely notice of appeal within the additional thirty-day period as a motion for a determination whether the defendant is entitled to an extension of time to appeal." (citing *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984))).

United States District Judge Jane J. Boyle has referred the determination as to excusable neglect or good cause to the undersigned United States magistrate judge "for hearing, if necessary, and recommendation or determination to this court." Dkt. No. 516 (citing 28 U.S.C. § 636(b)).

The undersigned issues the following findings of fact, conclusions of law, and recommendation that Hernandez should be granted an extension of time to appeal because good cause for the untimely notice of appeal exists.

## Legal Standards and Analysis

Federal Rule of Appellate Procedure 4(b)(4) provides that

> [u]pon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

*Id.*

"The good cause and excusable neglect standards have 'different domains.' They are not interchangeable, and one is not inclusive of the other." FED. R. APP. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii) (quoting *Lorenzen v. Employees Ret. Plan*, 896 F.2d 228, 232 (7th Cir. 1990)); *see Price v. General Cable Indus., Inc.*, 466 F. Supp. 2d 610, 613 (W.D. Penn. 2006) ("Not only does

[the Committee's Note] distinction comport with the express language of Rule 4 by defining good cause as something other than excusable negligent, but it also alleviates the lack of judicial interpretation of that term: A more structured and exacting analysis is appropriate where a party seeks protection from his own negligence; where a litigant is the victim of unforeseeable circumstances, however, justice permits greater discretion.").

In fact,

> [i]n 1998, Rule 4(b) was amended to permit courts to grant an extension of time upon a "finding of excusable neglect or good cause." First, the rule's 1998 amendment gives the district court discretion to grant extensions for good cause whenever the court believes it appropriate to do so provided that the extended period does not exceed 30 days after the expiration of the time otherwise prescribed by Rule 4(b). Second, paragraph (b)(4) was amended to require only a "finding" of excusable neglect or good cause and not a "showing" of them. Because the rule authorizes the court to provide an extension without a motion, a "showing" is obviously not required; a "finding" is sufficient.

*Krepps v. Gov't of the V.I.*, No. CRIM.A.1999/0047, 2009 WL 1117297, at *2 n.5 (D.V.I. Apr. 22, 2009) (quoting and citing FED. R. APP. P. 4 advisory committee's note, 1998 Amendments, Subdivision (b)).[1]

---

[1] *See also In re Heartland Steel, Inc.*, No. 1:03-CV-802-DFH, 2003 WL 23100035, at *3 n.1 (S.D. Ind. Dec. 16, 2003) ("Before 1979, [Federal Rule of Appellate Procedure 4(a)(5)] had allowed an extension if the appellant showed 'excusable neglect.' The rule was amended in 1979 to allow such extensions upon a showing of 'excusable neglect or good cause.' The 1979 Rules Advisory Committee Notes explain that the change 'expands to some extent the standard for the grant of an extension of time,' showing that excusable neglect should not be equated with 'good cause,' much less with the broader concept of 'cause.' In 1998, a similar amendment was made applicable to extensions in criminal cases under Rule 4(b)(4) of the Federal Rules of Appellate Procedure.").

"The good cause standard" "is applicable 'in situations in which there is no fault – excusable or otherwise.' In those situations, an extension of time is necessary because of something that was entirely beyond the control of the moving party, such as where 'the Postal Service fails to deliver a notice of appeal.'" *Tuesno v. Jackson*, No. 5:08-cv-302(DCB)(JMR), 2013 WL 685928, at *4 (S.D. Miss. Feb. 25, 2013) (quoting FED. R. APP. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii)).

A court's determination as to excusable neglect

> is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (in turn quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); internal quotation marks omitted); *see Aguilar v. Thaler*, No. 3:12-cv-35-L-BK, 2013 WL 3356491, at *2 (N.D. Tex. July 2, 2013) ("Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well. However, 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect.'" (citing *Pioneer*, 507 U.S. at 394-95; quoting *id*. at 392)).

"Although *Pioneer* addressed excusable neglect in the context of a bankruptcy proceeding," *United States v. James*, No. 03-CR-1048 (ILG), 2007 WL 3232219, at *3

(E.D.N.Y. Oct. 31, 2007), the Fifth Circuit, among other Courts of Appeals, has determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)," *United States v. Clark*, 51 F.3d 42, 43 (5th Cir. 1995); *see also United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (extending *Pioneer*'s standard for excusable neglect to Rule 4(b) after "recogniz[ing] that the term might not have the same meaning in different rules; but absent some specific reason to depart from *Pioneer*, we should follow the Supreme Court's lead" (citations omitted)).

Therefore, it would not be a stretch to apply cases and commentary that have examined good cause in the civil context to this criminal proceeding. Doing so, the undersigned finds the untimely filed notice of appeal should be considered for good cause.

Hernandez, through a declaration under 28 U.S.C. § 1746, dated the notice of appeal November 7, 2016, and it is postmarked November 16, 2016. *See* Dkt. No. 487 at 3-4; *see also* Dkt. No. 520 (reaffirming that the notice was mailed on November 7, 2016). In response to the undersigned's order, *see* Dkt. No. 517, the government provided an affidavit from the custodian of records for the federal prison at which Hernandez is incarcerated, *see* Dkt. No. 522. That facility does not log all outgoing mail – it only logs outgoing certified mail. *See id.* Mr. Hernandez's notice of appeal was not sent certified mail. *See* Dkt. No. 487.

Based on the record before the Court, in which there is no evidence to rebut Hernandez's declaration, it is plausible that the prison mail system prevented the timely filing of the notice of appeal. *See Tuesno*, 2013 WL 685928, at *4; c*f. United*

*States v. Green*, 321 F. App'x 743, 745 (10th Cir. 2009) ("Mr. Green claims that he mailed a notice to appeal well within the thirty day period, but that the court never received it. In determining that Mr. Green showed neither good cause nor excusable neglect in his motion for extension of time, the district court found Mr. Green's assertion insufficient. Mr. Green, however, presented the district court no evidence supporting this contention. Nor has he pointed to any evidence on appeal. As we have no evidence to support Mr. Green's assertion, we cannot say that the district court abused its discretion in denying Mr. Green's motion.").

Under the circumstances here, therefore, there is good cause to consider the untimely filed notice of appeal.

**Recommendation**

Because the undersigned finds that Hernandez has shown good cause for the late filing of his notice of appeal, it is recommended that Hernandez be granted an extension of time to appeal under Federal Rule of Appellate Procedure 4(b)(4).

Further, because Hernandez has no control over which matters a United States district judge refers to a United States magistrate judge for recommendation or determination under Section 636(b), and because Hernandez will be afforded an opportunity to object to this recommendation before it is considered by Judge Boyle, the Court should deny his Motion to Appoint Article III Judge [Dkt. No. 521].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 12, 2017

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE