UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:08-CR-0268-B-1 |
| | § | |
| ANGEL HERNANDEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Angel Hernandez's motion for compassionate release (Doc. 550). For the reasons set forth below, the Court **DENIES** Hernandez's motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

After Hernandez pleaded guilty to conspiracy to possess with intent to distribute and distribution of more than 500 grams of methamphetamine, the Court sentenced him to 262 months of imprisonment and five years of supervised release. Doc. 303, J., 1–3. Hernandez, who is now forty-seven years old, is serving his sentence at El Reno Federal Correctional Institution (FCI). His scheduled release date is May 8, 2027.[1] As of July 12, 2021, El Reno FCI reports one active and 530

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed July 12, 2021).

-1-

recovered cases of COVID-19 among its inmates.[2] Hernandez filed a motion for compassionate release (Doc. 550) on June 25, 2021. The Court reviews Hernandez's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(I)).

## III.

## ANALYSIS

As explained below, the Court denies Hernandez's request for compassionate release because Hernandez has not demonstrated extraordinary and compelling circumstances and because the § 3553(a) factors weigh against his release.

A.  *Hernandez Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[2] The Court derives this information from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed July 12, 2021).

warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In his motion, Hernandez claims that he "has fully exhausted all possibilities for seeking" compassionate release before filing his motion in this Court. Doc. 550, Def.'s Mot., 5. In support, he provides a copy of a request for release that he made to the warden, which shows that it was received on October 29, 2020. *See id.* at 9. He also provides a copy of a letter from the BOP, dated February 16, 2021, denying Hernandez's appeal of the denial of his request. *Id.* at 10. This evidence demonstrates "the lapse of 30 days from the *receipt* of such a request by the warden of the defendant's facility." § 3582(c)(1)(A) (emphasis added). Thus, Hernandez has satisfied the exhaustion requirement under § 3582, and the Court turns to the merits of his compassionate-release motion. *See Ezukanma*, 2020 WL 4569067, at *2–5.

B.      *Hernandez Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Hernandez exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit has held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating a prisoner's motion in light of *Shkambi*'s holding). Considering Hernandez's motion in light of § 1B1.13 and applying the Court's discretion, the Court concludes that Hernandez has not

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A).

As a preliminary matter, the Court notes that to the extent Hernandez raises concerns about the conditions at El Reno FCI and the BOP's ability to manage the COVID-19 pandemic, *see* Doc. 550, Def.'s Mot., 6, those concerns do not give rise to extraordinary and compelling reasons for his release. The Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But El Reno FCI's statistics—530 recovered cases and one active case of COVID-19—suggest the decline of an outbreak, if anything. Further, generalized concerns about the spread of COVID-19 at Hernandez's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Further, the Court finds that Hernandez's individual circumstances do not constitute extraordinary and compelling reasons for his release. To start, the Court addresses Hernandez's argument that he "has pre-existing medical condition(s) which include Diabetes . . . , which the CDC lists as being 'at-risk' or susceptible to the coronavirus[.]" Doc. 550, Def.'s Mot., 5. This assertion does not demonstrate extraordinary and compelling reasons for Hernandez's release for two reasons.

First, Hernandez does not provide any documentation to substantiate his assertion that he suffers from diabetes. *See generally id.*; *see also United States v. Moreno*, 2021 WL 389829, at *3 (N.D. Tex. Feb. 4, 2021) (alleged medical conditions did not "rise to the level of extraordinary and

compelling" when there were "no medical records to substantiate any of the conditions" alleged); *United States v. Isidaehomen*, 2020 WL 5801411, at *3 (N.D. Tex. Sept. 29, 2020) (same).

Second, even if Hernandez provided proof of his diabetes, he has not demonstrated or explained how this condition constitutes an extraordinary and compelling reason for his release beyond his assertion that "the CDC lists [diabetes] as being 'at risk' or susceptible to the coronavirus[.]" Doc. 550, Def.'s Mot., 5. As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary describes situations where compassionate release may be appropriate. For example, medical conditions of the defendant may warrant release where "[t]he defendant is suffering from a terminal illness" or "suffering from a serious . . . condition, . . . impairment, or . . . deteriorating physical or mental health because of the aging process[.]" § 1B1.13(1)(A) cmt. n.1(A). While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. The Court does not require the exact scenarios described in the commentary to § 1B1.13. However, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency warranting the defendant's immediate release.

And Hernandez has not shown that his alleged "pre-existing medical condition(s)" involve necessity and urgency such that his release is warranted. *See* Doc. 550, Def.'s Mot., 5. In other words, he has not shown that he is physically unstable, unable to adequately care for himself, or that his diabetes is otherwise unmanageable while he is incarcerated at El Reno FCI. Although Hernandez states that he "believes that his chances for survival would be better if he were allowed to serve his sentence at home rather than at his current location," this belief appears largely speculative and is

unsupported by evidence or explanation. *See id.* at 6. Accordingly, the Court finds that Hernandez's alleged diabetes does not serve as an extraordinary and compelling reason for his release.

Finally, Hernandez suggests that compassionate release is warranted because he "has been aggressively participating in the recidivism reduction programs to better his chances for success and to help in becoming a productive member of society." *Id.* As discussed, "Congress never defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction." *Shkambi*, 2020 WL 1291609, at *3. However, "[i]t provided just one restriction: '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *Id.* (quoting 28 U.S.C. § 994(t)). Thus, Hernandez's rehabilitation alone cannot constitute an extraordinary and compelling reason for his release.

Overall, there is nothing before the Court indicating that Hernandez's personal circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Hernandez's motion **WITHOUT PREJUDICE.**

C. *The § 3553(a) Factors Weigh Against Release.*

Finally, even if Hernandez demonstrated extraordinary and compelling reasons warranting release, the Court must consider the sentencing factors set forth in § 3553 to the extent they are applicable. § 3582(c)(1)(A). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). And the Court is not persuaded that these factors support Hernandez's request.

After Hernandez pleaded guilty to conspiracy to possess with intent to distribute and distribution of more than 500 grams of methamphetamine, the Court found 262 months of

imprisonment appropriate to serve the goals of § 3553. *See* Doc. 766, J., 1–3. Indeed, the Court found that Hernandez "played a big role" in the drug-trafficking organization with which he was involved. Doc. 313, Tr., 98:4–6. Further, the Court found that Hernandez's crime was a "serious offense[] that our lawmakers have decided should be punished very harshly." *Id.* at 95:18–20. And with a statutory release date of May 8, 2027, approximately sixty-six months of Hernandez's sentence remain to be served. Compassionate release in this case would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only for defendants "who had already served the lion's share of their sentences"). The § 3553(a) factors thus weigh against Hernandez's release. This is an independent justification to deny his motion.

D.     *The Court Lacks Authority to Order Home Confinement.*

Insofar as Hernandez requests "to serve his sentence at home rather than at" El Reno FCI, *see* Doc. 550, Def.'s Mot., 6, the Court lacks authority to order home confinement. Requests for home confinement "are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)). Indeed, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted). Thus, the Court cannot consider transferring Hernandez to home confinement.

## IV.

## CONCLUSION

Hernandez's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553(a)

factors weigh against his release. Moreover, the Court lacks authority to grant Hernandez's request for home confinement. For these reasons, the Court **DENIES** Hernandez's motion (Doc. 550) **WITHOUT PREJUDICE**.

By denying Hernandez's motion without prejudice, the Court permits Hernandez to file a subsequent motion for compassionate release in the event he can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances. Moreover, Hernandez must convince the Court that a weighing of the § 3553(a) factors supports his release.

**SO ORDERED.**

**SIGNED: July 12, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE